# IN RE LAMAS Y MENDEZ, Bankrupts.

---

Bankruptcy, No. 124.

### DISCHARGE OF BANKRUPT.

Bankruptcy—Discharge—Findings of Referee.
> Where the discharge of a bankrupt is opposed on the ground that he failed to keep books of account or record, or that books were destroyed by the bankrupt, the court will not refuse confirmation where it is not shown that the several acts were done by the bankrupt with intent to conceal his condition; and the findings of the

---

NOTE.—For a review of the authorities on omission of bankrupt to keep books as ground for refusing discharge, see note in 20 L.R.A.(N.S.) 246.

In Re Lamas y Mendez.

referee as to these facts will not be disturbed by the court unless it is shown that the referee was clearly wrong.

Opinion filed April 3, 1916.

---

*Mr. Antonio Trujillo Guil* for bankrupt.

*Mr. Pedro Gomez Lazarre* for creditors.

HAMILTON, Judge, delivered the following opinion:

In this case the bankrupts filed a petition for discharge, containing the usual allegations. It was opposed by creditors on several grounds, the one insisted upon being: "That the bankrupts did, with intent to conceal their financial condition and in contemplation of bankruptcy, fail to keep books of account or records from which such condition might be ascertained." Bankruptcy Act, § 14b.

The matter was referred to a special master, and he has reported adversely to the objection, and recommends the discharge of the bankrupts. He took testimony, and reports that the daybook alleged to have been destroyed never existed. There were memorandum books burned up, but the testimony seems to show that the bankrupts turned over to the trustee all books and property of any value. Destruction with intent to conceal their condition was not shown. It is true that the same testimony comes before the court that was before the referee, but, nevertheless, the case is within the rule of Re Brown, 29 Am. Bankr. Rep. 73, 199 Fed. 356: The court will not interfere with the finding in favor of the bankrupt made by a

referee who had the bankrupt before him, heard him testify, and noted his manner. What is said of the bankrupt of course applies to all witnesses. The referee has them before him, and can see their manner, and the court cannot; and unless the referee is clearly wrong in his findings of fact, the court will not interfere.

In the case at bar, the court is not at all satisfied that the referee has erred, and it follows that the report will be confirmed and the petition for discharge granted.

The compensation and expenses of the referee, not being objected to, are allowed as claimed.

It is so ordered.